Paul A. Straske, Shirley Arcuri, Arnold Levine, Tampa, Fla., for defendant.

**In re Henry C. SINGLETON, Jr. and Joanne Oliveri Singleton, Debtors.**

**TREASURE ISLE, INC., Plaintiff,**

**v.**

**Henry C. SINGLETON, Jr., Defendant.**

**Bankruptcy No. 86–1753–BKC–8P1.**

**Adv. No. 86–379.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 8, 1988.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case involving Henry C. Singleton, Jr. and Joanne Oliveri Singleton (Debtors). The matter under consideration is a Motion to Dismiss the adversary proceeding commenced by a Complaint filed on August 7, 1986 by Treasure Isle, Inc. (Treasure Isle) against Henry C. Singleton, Jr., one of the Debtors. The Complaint of Treasure Isle sets forth several claims, all of which seek a determination that the debt allegedly owed by Henry C. Singleton, Jr. to Treasure Isle is a non-dischargeable obligation. The claim set forth in Count I of the Complaint is based on § 523(a)(2)(A); the claim in Count II is based on § 523(a)(4); and the claim in Count III is based on § 523(a)(6).

On October 31, 1986, the Debtor filed a Motion and sought a dismissal of the Complaint. In support of the Motion the Debtor urged, inter alia, that the Complaint

failed to state a cause of action inasmuch as it failed to plead a viable claim for non-dischargeability under any of the Sections of the Bankruptcy Code relied on by Treasure Isle. The Motion was denied in due course. On August 27, 1987, the Debtor filed a Motion for Summary Judgment in which he asserted, for the first time, that Treasure Isle was not a creditor and, for this reason, it had no standing to assert a claim of non-dischargeability.

On September 23, 1987 this Court entered an Order on the Motion for Summary Judgment. Based on the representations made by counsel for the Debtors that in a suit filed by Treasure Isle against the Debtor, a final judgment was entered in the Circuit Court against Treasure Isle; that the Final Judgment was appealed, which appeal is still pending. Inasmuch as the Final Judgment in the Circuit Court action determined that the Debtor is not liable and is not indebted to Treasure Isle in any amount, this Court should defer ruling on his Motion for Summary Judgment pending a resolution of the state court litigation on appeal. The Order granted the request and deferred ruling on the Motion for Summary Judgment. The Order further provided that the Debtor may file a request for a hearing on his Motion for Summary Judgment any time after the final disposition of the appeal and may reassert the grounds previously raised or any additional grounds which might be resolved on appeal by the Second District Court of Appeals.

The Debtor, rather than request a hearing on his Motion for Summary, on April 11, 1988, filed a Motion to Dismiss. This is the Motion which is presently under consideration. In his Motion, the Debtor now alleges that this Court has, by its previous Order entered in the general case, already determined that Treasure Isle is not a creditor of the Debtor and for this reason it has no standing to assert a claim of non-dischargeability therefore its Complaint should be dismissed.

In order to put this matter in the proper perspective, a brief recitation of the procedural history of this ongoing controversy between Treasure Isle and the Debtors should be helpful.

On September 21, 1987, the Court entered an Order and scheduled a hearing to consider confirmation of the last Plan of Reorganization filed by the Debtors for November 25, 1987. On October 28, 1987, Treasure Isle filed an Objection to the Plan of Reorganization on the basis that the Plan failed to make appropriate provisions for the creditors of the Debtors. On November 24, 1987, this Court entered an Order and rescheduled the confirmation hearing for December 22, 1987. Notwithstanding the entry of the Order, this Court entered an Order on December 17, 1987, vacating the Order which continued the hearing on confirmation. On the same day, the Court also entered an Order which overruled the Objection of Treasure Isle and on December 21, 1987 entered an Order which confirmed the Plan of Reorganization.

On December 22, 1987, Treasure Isle filed a Motion for Rehearing and Reconsideration of the Order which overruled its previous Objection to the confirmation of the Plan of Reorganization. It also filed a further Objection to the Plan of Reorganization of the Debtor. On January 13, 1988, this Court entered an ex parte Order which vacated the Order of Confirmation and rescheduled the same to be reconsidered in order to give Treasure Isle an opportunity to present its Objection to the Plan of Reorganization. On March 23, 1988, this Court entered an Order on the Motion for Reconsideration of the Order which vacated the Order of Confirmation filed by the Debtors. This Order made note of the fact that a civil suit filed against the Debtors by Treasure Isle in the Circuit Court of this Judicial Circuit was resolved in favor of the Debtors and against Treasure Isle. In addition, the Court also found that Treasure Isle was scheduled by the Debtors as a creditor holding a disputed, contingent and unliquidated claim and notwithstanding the requirement of Bankruptcy Rule 3002(a), Treasure Isle did not file a proof of claim although on August 7, 1986 it filed this adversary proceeding. Most importantly, the Court also concluded that even assum-

ing that the filing of the adversary proceeding was tantamount to satisfying the requirement of Bankruptcy Rule 3002(a), it was evident that the claim of Treasure Isle, if it had any, was a contingent and unliquidated claim and for this reason its claim cannot be allowed by virtue of § 502(c)(1).

Based on the foregoing, the Court concluded that Treasure Isle has no standing to object to confirmation and its alleged inability to present evidence on the question of feasibility was of no consequence and, therefore, the original Order of Confirmation was reinstated.

As noted earlier, the Motion to Dismiss the adversary proceeding was based on the contention of the Debtors that Treasure Isle is not a creditor and, therefore, lacks standing to maintain the adversary proceeding. While it is intimated by counsel for the Debtors that this issue was fully tried in the state court and was determined in favor of the Debtor and against Treasure Isle and was affirmed by the District Court of Appeals this record is totally lacking any evidence at this time on which this Court could base a determination of the status of Treasure Isle as a creditor and its right to maintain this adversary proceeding. For this reason, this Court is satisfied that it would be inappropriate to grant the Motion to Dismiss at this time. However, the Court is equally satisfied that the previously filed Motion for Summary Judgment should be rescheduled for hearing with due notice to Treasure Isle with leave granted to both parties to submit such legally competent supplemental exhibits relevant to the issue of Treasure Island's standing as a creditor together with affidavits, in support of and in opposition to the Motion for Summary Judgment if one is filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, re-

scheduled for the 29th day of June, 1988 at 2:15 p.m.